FILED

16 NOV 20 AM 1:08

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
MIAMI DIVISION

ALEXIS SOTO FERNANDEZ,

    Plaintiff

vs.

TREES, INC. d/b/a
TREES ACQUISITION, INC.,

    Defendant.
_____/

GENERAL JURISDICTION DIVISION

CASE NO.: 2:16-CV-841-FtM-99MRM

### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

**COMES NOW**, ALEXIS SOTO FERNANDEZ (hereinafter "FERNANDEZ"), the Plaintiff in the above styled case, and files this complaint against the Defendant, TREES, INC. d/b/a TREES ACQUISITION, INC., (hereinafter "TREES, INC."), a for Profit Corporation in the State of Florida, and in support alleges the following:

1) This is an action for damages in excess of $15,000.00.

2) This is action based upon violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, et seq. and the Florida Civil Rights Act, Fla. Stat. §§ 760.10.

3) Plaintiff, FERNANDEZ is over the age of 18 and resides in Miami-Dade County, Florida.

4) Defendant, TREES, INC., is a Delaware Corporation engaging in business in the State of Florida.

5) At all times relevant to this civil action, Defendant TREES, INC. maintained a place of business in Lee County where the events alleged in this complaint took place.

1

6) At all relevant times to this civil action, Defendant, TREES, INC., employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act or 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Florida Civil Rights Act, Fla. Stat. § 760.10.

7) FERNANDEZ, a male from Cuba, was at all relevant times to this civil action employed by the Defendant, TREES, INC.

## ADMINISTRATIVE PRE-REQUISITES

8) FERNANDEZ has complied with all the administrative pre-requisites necessary to maintain a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1, as follows:

   a. On or about September 18, 2016, FERNANDEZ timely filed a formal charge with the Equal Employment Opportunities Commission ("EEOC") and also cross-filed with the Florida Commission on Human Rights ("FCHR").

   b. On September 21, 2016, the EEOC issued a Dismissal and Notice of Right to Sue.

   c. FERNANDEZ exhausted all available administrative remedies in accord with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1.

## COMMON FACTUAL ALLEGATIONS

9) From July, 2015 through September, 2016, FERNANDEZ was employed by Defendant TREES, INC.

10) Plaintiff was at all times capable, qualified, and willing to perform the functions of his position.

11) During his time of employment, FERNANDEZ' supervisor was Adam Soto.

12) Between July 2016 through September 2016, Adam Soto would continuously call him and other Cuban workers "shitty Cubans" and "fucking Cubans."

13) Between July 2016 through September 2016, FERNANDEZ was subjected to derogatory comments regarding his national origin.

14) FERNANDEZ complained to Adam Soto that he was disrespecting and discriminating against him and the other Cuban employees.

15) After voicing his complaint, Adam Soto began singling out and harassing FERNANDEZ— Adam Soto reduced FERNANDEZ' schedule, took away his overtime, and treated him with the utmost disrespect.

16) Adam Soto fired another Cuban employee and stated that the company had a new policy of not hiring Cubans.

17) The harassment FERNANDEZ continued up until September 2016 when FERNANDEZ was told not to return to work.

## COUNT I: DISCRIMINATION DUE TO NATIONAL ORIGIN IN VIOLATION OF TITLE VII

18) FERNANDEZ readopts and realleges all the allegations contained in the preceding paragraphs as if fully set forth herein.

19) FERNANDEZ' country of national origin is a recognized protected class under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

20) FERNANDEZ is a Cuban male and at all times relevant to this civil action was considered as a protected class under Title VII of the Civil Rights Act of 1964.

21) At all times relevant to this civil action, TREES, INC. and/or its agents were aware that FERNANDEZ was Cuban.

22) FERNANDEZ' adverse and disparate treatment, including, but not limited to his termination, was directly due to FERNANDEZ' national origin in violation of Title VII of the Civil Rights Act of 1964.

23) Other similarly situated non-Cubans employees were not subjected to the same adverse treatment experienced by FERNANDEZ.

24) A direct and causal link between FERNANDEZ' country of national origin and his adverse and disparate treatment exist through direct and circumstantial evidence of discrimination including, but not limited to:

   a) Between July 2016 through September 2016, Adam Soto would continuously call him and other Cuban workers "shitty Cubans" and "fucking Cubans."

   b) FERNANDEZ complained to Adam Soto that he was disrespecting and discriminating against him and the other Cuban employees.

   c) After voicing his complaint, Adam Soto began singling out and harassing FERNANDEZ—Adam Soto reduced FERNANDEZ' schedule, took away his overtime, and treated him with the utmost disrespect.

   d) Adam Soto fired another Cuban employee and stated that the company had a new policy of not hiring Cubans.

   e) FERNANDEZ' termination directly following the events described of this complaint.

25) TREES, INC. alleged basis for its disparate treatment of FERNANDEZ, including, but not limited to, FERNANDEZ' termination, are pretexual and asserted only to cover up the discriminatory reasons for its conduct.

26) Even if TREES, INC. could assert a legitimate non-discriminatory reason for its disparate treatment of FERNANDEZ, FERNANDEZ' country of national origin was also a motivating

factor.

27) As a direct and proximate cause of discriminatory conduct that FERNANDEZ was subjected to by TREES, INC., FERNANDEZ has and will continue to experience financial and economic loss in the form of lost wages and lost benefits.

28) FERNANDEZ has also experienced and will continue to experience mental and emotional anguish, pain and suffering, and loss of dignity.

29) TREES, INC. and/or its agents intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against FERNANDEZ.

30) The intentional and discriminatory conduct by TREES, INC. complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

## COUNT II: DISCRIMINATION DUE TO NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

31) FERNANDEZ readopts and realleges all the allegations contained in the preceding paragraphs as if fully set forth herein.

32) FERNANDEZ' country of national origin is a recognized protected class under the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1.

33) At all times relevant to this civil action, TREES, INC. and/or its agents were aware that FERNANDEZ was Cuban.

34) FERNANDEZ' adverse and disparate treatment, including, but not limited to his termination, was because of FERNANDEZ' national origin in violation of Title VII of the Civil Rights

Act of 1964.

35) Other similarly situated non-Cubans employees were not subjected to the same adverse treatment experienced by FERNANDEZ.

36) FERNANDEZ was subjected to adverse and disparate treatment by TREES, INC. based upon his country of national origin in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1 in the following manner:

   a) Between July 2016 through September 2016, Adam Soto would continuously call him and other Cuban workers "shitty Cubans" and "fucking Cubans."

   b) FERNANDEZ complained to Adam Soto that he was disrespecting and discriminating against him and the other Cuban employees.

   c) After voicing his complaint, Adam Soto began singling out and harassing FERNANDEZ—Adam Soto reduced FERNANDEZ' schedule, took away his overtime, and treated him with the utmost disrespect.

   d) Adam Soto fired another Cuban employee and stated that the company had a new policy of not hiring Cubans.

   e) FERNANDEZ' termination directly following the events described of this complaint.

37) TREES, INC. alleged basis for its disparate treatment of FERNANDEZ, including, but not limited to, FERNANDEZ' termination, are pretexual and asserted only to cover up the discriminatory reasons for its conduct.

38) Even if TREES, INC. could assert a legitimate non-discriminatory reason for its disparate treatment of FERNANDEZ, FERNANDEZ' country of national origin was also a motivating factor.

39) As a direct and proximate cause of discriminatory conduct that FERNANDEZ was subjected

to by TREES, INC., FERNANDEZ has and will continue to experience financial and economic loss in the form of lost wages and lost benefits.

40) FERNANDEZ has also experienced and will continue to experience mental and emotional anguish, pain and suffering, and loss of dignity.

41) TREES, INC. and/or its agents intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against FERNANDEZ.

42) Other similarly situated non-Cubans employees were not subjected to the same adverse treatment experienced by FERNANDEZ.

43) As a direct and proximate cause of TREES, INC. adverse and disparate treatment of his on the basis of his national origin, FERNANDEZ incurred economic and non-economic damages, suffered loss of wages, and incurred other damages.

44) The intentional and discriminatory conduct by TREES, INC. complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages in addition to compensatory damages and other remedies available under the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1.

**WHEREFORE**, Plaintiff prays for the following relief:

1. A declaratory judgment holding that Defendant TREES, INC. has violated FERNANDEZ' right to be free from discrimination in the workplace as recognized by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1 and 509.092.

2. Back pay, past benefits, front pay and lost wages as this Court may deem fit and just;

3. Compensatory damages in an amount to be determined at trial for past and future

economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life, and consequential loses;

4. Exemplary and/or punitive damages in an amount to determined at trial;

5. Reasonable attorney's fees and costs as provided by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and/or the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.1; and

6. Any other such further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury for all triable issues.

Respectfully submitted,

CORONA LAW FIRM, P.A.
3899 NW 7th Street, 2nd Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151
Email: amorgado@coronapa.com

By: _____
RICARDO R. CORONA
Florida Bar No.: 111333