## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## Ft. MYERS DIVISION

**ALEXIS SOTO FERNANDEZ,**

     **Plaintiff,**

**v.**                              **Case No.  2:16-cv-841-FtM-99MRM**

**TREES, INC. d/b/a TREES
ACQUISITION, INC.,**

     **Defendant.**

_____/

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant Trees, Inc. d/b/a Trees Acquisition, Inc. (hereinafter "Defendant"), through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for an Order compelling Plaintiff Alexis Soto Fernandez ("Plaintiff") to provide completed responses to Defendant's First Set of Interrogatories and First Request for Production of Documents and directing Plaintiff to pay Defendant's attorneys' fees and costs associated with the preparation and filing of this Motion.  In support of this Motion, Defendant states:

1.     Plaintiff initiated the instant lawsuit by filing a Complaint with this Court on or about November 21, 2016.  Plaintiff's Complaint asserts two causes of action against Defendant, Plaintiff's former employer, alleging that Defendant discriminated against him on the basis of Plaintiff's national origin in violation of Title VII and the Florida Civil Rights Act.  Plaintiff alleges that Defendant's conduct was intentional and has caused him to suffer damages in the form of economic losses and non-economic losses, including "extreme emotional distress and mental anguish, impairment of quality of life, and consequential losses[.]"  [D.E. 1 at 7].  Plaintiff has also requested an award of punitive damages based on the allegedly "willful, wanton, deliberate,

malicious, egregious and outrageous" nature of Defendant's allegedly "intentional and discriminatory" conduct.  [D.E. 1, ¶¶ 30, 44].

2.     On February 10, 2017, Defendant served Plaintiff with Defendant's First Set of Interrogatories and First Request for Production of Documents.  Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses were due on or before March 13, 2017.

3.     On March 3, 2017, Plaintiff's Counsel requested a one week extension to serve Plaintiff's discovery responses, thereby making Plaintiff's responses due on or before March 20, 2017.  The undersigned consented to Plaintiff's requested extension.  On the afternoon of March 20, 2017, Plaintiff requested a second extension until March 24, 2017, to provide Defendant with his discovery responses.  The undersigned advised that it would allow Plaintiff until March 24, 2017, to provide verified interrogatory answers on the condition that Plaintiff provide Defendant with unverified answers along with the responsive documents currently in Plaintiff's possession by the close of business on March 22, 2017.  However, Plaintiff failed to provide any responses prior to either deadline.

4.     On March 27, 2017, Plaintiff's Counsel contacted the undersigned via email and advised that she had difficulty obtaining Plaintiff's discovery responses.  Counsel also produced a copy of Plaintiff's Unverified Answers to Defendant's Interrogatories and advised that she had instructed Plaintiff to provide Verified Answers by the end of the day.  In a subsequent email that same day, Defendant was provided with a copy of Plaintiff's Response to Defendant's Request for Production; however, no responsive documents were produced along with Plaintiff's Response.  Plaintiff's Response to Defendant's Request for Production is attached hereto as Exhibit "A."  Defendant subsequently received Plaintiff's Verified Answers to Interrogatories later that same day.  Plaintiff's Verified Answers to Interrogatories are attached hereto as Exhibit "B."

5.      After having had the opportunity to review the responses provided by Plaintiff, it became readily apparent that Plaintiff's Answers to Defendant's Interrogatories and Responses to Defendant's Request for Production were overwhelmingly insufficient and unresponsive. Moreover, Plaintiff did not produce or make available any documents responsive to Defendant's Request for Production of Documents.

6.      On or about April 14, 2017, after having received no additional or supplemental discovery responses from Plaintiff and no correspondence from Plaintiff's Counsel regarding Plaintiff's failure to provide any documents responsive to Defendant's Request for Production, the undersigned served Plaintiff with a good-faith correspondence requesting that Plaintiff produce supplemental responses to Defendant's written discovery requests on or before April 28, 2017.  A true and correct copy of this correspondence has been attached hereto as Exhibit "C".  This correspondence described in detail the insufficiencies of Plaintiff's discovery responses.  The undersigned's correspondence also advised that Defendant would have no choice but to file a Motion to Compel should Plaintiff fail to respond on or before the stated deadline of April 28, 2017.

7.      Plaintiff once again failed to meet the proposed deadline.  Plaintiff did not provide any response to Defendant's good-faith correspondence and either failed or refused to provide Defendant with any supplemental discovery responses.

8.      On or about May 1, 2017, the undersigned and Counsel for Plaintiff engaged in a telephone conference to discuss multiple issues, including the issues regarding Plaintiff's discovery responses.  During this conversation, Counsel advised the undersigned that she would discuss these issues with Plaintiff at that time.

4611607v.1

9.      On May 9, 2017, and again on May 19, 2017, Counsel for Plaintiff and the undersigned engaged in several additional telephone conferences to discuss several issues related to this case, including Plaintiff's discovery responses and the possibility of resolving the instant lawsuit.  However, at no point did Plaintiff provide Defendant with any supplemental discovery responses or any documents responsive to Defendant's Request for Production.  Finally, on May 22, 2017, after it became apparent that the parties would be unable to resolve any of the outstanding issues in this case, the undersigned advised Plaintiff's Counsel that Defendant would be proceeding in filing its Motion to Compel as previously indicated.  Counsel for Plaintiff advised that she was opposed to Defendant's Motion to Compel.

10.     Despite Defendant's continuous efforts to work with Plaintiff and obtain supplemental discovery responses, Defendant has not received any supplemental discovery from Plaintiff since Plaintiff served his initial discovery responses on March 27, 2017.  Moreover, Plaintiff has inexplicably failed to produce any documents whatsoever in response to Defendant's Request for Production.  Indeed, Plaintiff has made no effort to provide Defendant with any additional or supplemental discovery responses of any nature.

11.     At this juncture, Plaintiff has been aware of the specific issues taken by Defendant with regard to Plaintiff's initial discovery response for more than two months.  Further, Plaintiff has been aware of Defendant's intention to file the instant Motion to Compel for nearly one full month.  Moreover, Plaintiff has not produced any documents responsive to Defendant's Request for Production since said Request was initially served on February 10, 2017, approximately four months ago.  Plaintiff's actions reflect an apparent disregard of the Rules of Procedure and the applicable Local Rules of this Court.  Plaintiff' failure or refusal to engage in good-faith in the

4

discovery process has left Defendant with no option but to seek intervention from this Court to compel Plaintiff to produce supplemental and complete discovery responses.

12.     As a result, Defendant files this Motion to Compel and seeks attorneys' fees and costs associated with the preparation and filing of this Motion.

## MEMORANDUM OF LAW

The purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, to prevent trial by ambush, and to ensure a fair and just result.  The Federal Rules of Civil Procedure permit a motion to compel if a party fails to answer an interrogatory submitted under Rule 33 and if a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.  See Fed. R. Civ. P. 37(a)(3).

### A.     Interrogatories at Issue

In the instant case, Plaintiff has failed to provide complete answers to the following interrogatories:

> 1.     Identify (as defined above) all persons who are believed by you to have any knowledge concerning any of the issues in this lawsuit (including any persons you believe committed any acts of discrimination, harassment and/or retaliation) and specify in detail all areas of the subject matter about which each such person has knowledge and the means by which such person's knowledge was acquired.  Include in your answer all persons who gained their knowledge second hand, as well as those with direct knowledge.  Do not withhold any name(s) or information because you think of it as "insignificant" or "minor" or less important. If you believe a person has <u>any</u> knowledge of any of the issues of this lawsuit, please identify (as defined above) that person.
>
> **RESPONSE**
>
> *Aaron Soto, Carlitos Unknown Last Name, Carlitos Unknown Last Name, Jose (Boricua) Unknown Last Name, Areli Unknown Last Name, Arnel Unknown Last Name, Marcelo Unknown Last Name, Junior Unknown Last Name, Daisy Rodriguez Arteaga, Gustavo Gomes, Jose Soto*

5

Plaintiff's response to Interrogatory Number 1 is clearly insufficient despite the obvious relevance and materiality of the request. Plaintiff's response simply provides a list of several individuals. However, Plaintiff fails to specify or describe any of the areas of the subject matter about which each such individual has knowledge and the means by which each individual's knowledge was acquired. Accordingly, Plaintiff's response fails to adequately respond to this Interrogatory. This request is relevant to the factual allegations in the instant lawsuit. Defendant is entitled to this information in order to conduct an independent investigation of Plaintiff's allegations and determine any potential witnesses to be deposed and/or subpoenaed for trial and to determine any knowledge that any such witnesses may possess. Accordingly, Defendant asks this Court to order Plaintiff to specify all areas of the subject matter about which each person identified by Plaintiff has knowledge, and the means by which such person's knowledge was acquired, and to otherwise answer Interrogatory No. 1 in its entirety.

> 5.     Identify (as defined above) every employer to which you have applied for any form of employment since August 26, 2015, the date(s) you applied and the outcome of the application. For those employers who have offered you a job, state the date of the offer, the job you were offered, the rate of pay, and if applicable, the reason you did not accept the job. For each job you accepted, identify the dates of employment, rate of pay, benefits offered, and, if the job has ended, the detailed reason for the end of the job. Include within this answer self-employment in any professional or other capacity and also include volunteer work or other work for which you were not paid
>
> **RESPONSE:**
>
> - *Nelson Tree Service Inc. $16 hourly*
> - *All Reliable Services, Inc. $18 hourly. Employed in the month of September*
> - *Penn Line Corporation. $22 hourly. Do not remember exact time of employment.*

Plaintiff's response to Interrogatory Number 5 appears to only list employers with whom Plaintiff has obtained employment. Plaintiff's response fails to identify any employers with whom Plaintiff has submitted an application for employment wherein Plaintiff did not obtain employment, the dates on which Plaintiff submitted his applications, the outcome of any of the applications submitted, whether he has been offered a job as a result of any applications submitted, and/or why Plaintiff did not accept any job offered or the rate of pay for any job offered. With regard to those employers identified by Plaintiff, Plaintiff has failed to disclose his dates of employment, the benefits offered, and the reason why his employment with any of these employers ended.

This information is relevant to the issue of damages. The information is required for purposes of determining Plaintiff's efforts to mitigate any potential damages to which he alleges entitlement. Accordingly, Defendant asks this Court to order Plaintiff to disclose every employer that Plaintiff has submitted an application with since August 26, 2015, along with the dates Plaintiff applied to each employer and the outcome of each application, and for any job offered, the rate of pay and Plaintiff's basis for not accepting the position. Defendant also requests the Court order Plaintiff to disclose the exact dates of employment with each employer identified in response to this Interrogatory along with the benefits offered by each employer, and the reason why Plaintiff's employment with any of the disclosed employers has ended.

> 6. Identify (as defined above) all doctors, physicians, medical practitioners, health care practitioners, psychiatrists, psychologists, counselors, or other persons you have seen or consulted within the past ten (10) years with regarding any illness, emotional distress, physical harm, nervous condition or other mental or physical symptom or condition whether or not you believe there is any relationship to the alleged acts upon which you base your Complaint. For each such healthcare provider, include the date(s) of your visit(s), the nature of the visit(s) and the area of specialty of the provider.

**RESPONSE:**

*This request seeks privileged and confidential communications protected from disclosure.*

Plaintiff's medical history is relevant to the instant lawsuit and falls within the scope of permissible discovery. Plaintiff has asserted that he suffers from "extreme emotional distress" and mental anguish, impairment of quality of life, and consequential losses as a result of Defendant's alleged actions. Plaintiff's medical records are relevant to both the issues of causation and to determining the extent of Plaintiff's alleged emotional damages. Cameron v. Supermedia, LLC, 2016 WL 1572952, at *4 (N.D. Fla. Apr. 19, 2016). Plaintiff's past medical records may provide evidence as to preexisting conditions, other stressors in the Plaintiff's life, other times the Plaintiff has suffered from stress related symptoms, and/or what the Plaintiff has told his doctors regarding his employment with Defendant as a cause of emotional distress. See id. Therefore, Defendant requests this Court to order Plaintiff to identify and disclose the names, specialties, and dates of treatment with each healthcare provider from whom Plaintiff has sought treatment within the past ten years.

> 9.     State the amount of your alleged damages and for those damages itemize in detail and with specificity each element or different type of damage you claim and show with specificity and in detail all calculations and computations used to reach the damage figure stated above.

**RESPONSE:**

*The exact amount of damages cannot be ascertained at this moment as damages are continuous and ongoing.*

Plaintiff's response to Interrogatory Number 9 is clearly insufficient despite the obvious relevance and materiality of the request. Plaintiff has not raised any objection to this interrogatory. Plaintiff is able to calculate any lost wages to date, as well as any other compensatory damages he

8

claims to have suffered or is seeking to recover in this lawsuit.  Moreover, pursuant to Rule 26 of

the Federal Rules of Civil Procedure, Plaintiff is required to disclose this information at the outset

of the litigation in his initial disclosures, which he also failed to do.  See, Fed. R. Civ. P. (a)(1)(A).

Accordingly, Defendant asks this Court to order Plaintiff to calculate his lost wages and any other

damages Plaintiff attributes to Defendant, up to the date of answering this Interrogatory, and to

otherwise answer Interrogatory Number 9 in its entirety.

> 10.      If you or your attorney are aware of the existence of any oral,
> written or recorded statement by, for, or of any party or witness to
> the acts forming the basis of the instant suit, please identify the
> person who made the statement; the person taking the statement; and
> if such person does not now have custody of the statement, the
> person now in possession of the statement or a copy of it.

> **RESPONSE:**

> *This information is protected pursuant to the attorney-client and
> work product privileges.*

Plaintiff's misguided objection on the basis of privilege is improper.  This Interrogatory

does not seek the disclosure of any privileged or confidential information.   Rather, this

Interrogatory simply requests Plaintiff to disclose whether Plaintiff is aware of any statement by,

for, or of any party or witness forming the basis of this suit, identify the person who made any

such statement, and if recorded, identify the person now in possession of any such statement.  Any

statement made by any party or witness to the alleged acts forming the basis of Plaintiff's

Complaint, other than statements made by Plaintiff to Plaintiff's counsel, are not protected

communications subject to the attorney-client and/or work product privileges.

Furthermore, this request is clearly relevant to the factual allegations in the instant lawsuit.

Defendant is entitled to this information in order to conduct an independent investigation of

Plaintiff's allegations and determine any potential witnesses to be deposed and/or subpoenaed for

4611607v.1

trial.  Accordingly, Defendant asks this Court to order Plaintiff to disclose whether Plaintiff is

aware of any statement that may support or form the basis of Plaintiff's Complaint, identify who

made the statement, and disclose who may be in possession of any such statement, and to otherwise

answer Interrogatory No. 10 in its entirety.

> 11.    Identify by full name each employee and former employee
> of the Defendant that you have consulted or contacted, with regard
> to the allegations in this lawsuit, and indicate the date of each
> consultation or contact, who initiated such consultation or contact,
> and the substance of each communication.

> **RESPONSE:**

> *Aaron Soto, Carlitos Unknown Last Name, Carlitos Unknown Last
> Name, Jose (Boricua) Unknown Last Name, Areli Unknown Last
> Name, Francisco Unknown Last Name, Arnel Unknown Last Name,
> Marcelo Unknown Last Name, Junior Unknown Last Name, Luis
> Unknown Last Name, Daisy Rodriguez Arteaga*

Plaintiff's response identifies several individuals assumed to be either current or former

employees of Defendant that Plaintiff purports to have contacted.  However, Plaintiff's response

fails to indicate the dates of Plaintiff's contact with each employee as well as who initiated such

contact.  Moreover, Plaintiff's response fails to disclose the substance of each communication.

Plaintiff's response also fails to identify the last names or any other defining characteristics of

many of the named individuals, thereby making it impossible for Defendant to identify exactly

who the individuals identified by Plaintiff actually are.  Accordingly, Plaintiff's response fails to

adequately respond to the specific request.  This request is relevant to the factual allegations in the

instant lawsuit.  Defendant is entitled to this information in order to conduct an independent

investigation of Plaintiff's allegations and determine any potential witnesses to be deposed and/or

subpoenaed for trial.  Accordingly, Defendant asks this Court to order Plaintiff to disclose the dates

on which Plaintiff contacted any of Defendant's current or former employees, identify who

initiated the contact, and disclose the substance of each communication, and to otherwise answer Interrogatory No. 11 in its entirety.

**B.      Requests for Production at Issue**

Defendant also served its First Request for Production to which Plaintiff failed to provide sufficient responses and failed to produce or make available any responsive documents. Defendant identifies the following requests for production which were served on Plaintiff and for which Plaintiff has not provided complete responses and/or has not produced responsive documents:

> 1.      All documents or records which you believe support your claim or support Defendant's defenses in this lawsuit. Do not produce privileged documents but instead provide a privilege log to include any such communications.

> **RESPONSE:**

> *None at this time.*

Plaintiff's response of "None at this time" is clearly insufficient despite the obvious relevance and materiality of Request No. 1. Moreover, Plaintiff has failed to produce any documents whatsoever in response to this request in the approximately four month time frame since this request was initially served on Plaintiff. Further, a mere lack of possession does not relieve a party of its burden of production when that party has the legal right to obtain the documents requested. <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984). Accordingly, Plaintiff is required to not only produce the documents that are in Plaintiff's custody, but is also required to produce any documents which Plaintiff has the legal right to obtain upon demand. Plaintiff, through counsel, has represented that he does not possess any documents responsive to this request. If no such documents or records responsive to this request exist, Plaintiff should be required to amend his response to reflect the same.

This request is relevant to the factual allegations upon which Plaintiff bases the instant lawsuit.  Defendant is entitled to know whether Plaintiff is aware of any documents responsive to this request so that it may conduct an independent investigation of Plaintiff's allegations. Accordingly, Defendant asks this Court to order Plaintiff to produce or identify any documents or records responsive to this request that are readily obtainable by Plaintiff, and to otherwise respond to Request No. 1 in its entirety.  Alternatively, if no such documents or records exist and/or if Plaintiff is not aware of any such documents, Plaintiff should be required to provide a complete and accurate response to Request No. 1 indicating as such.

> 2.     Your 2013, 2014, 2015, and 2016 tax returns together with all attachments, exhibits, schedules, amendments, W-2s, 1099s, K-1s and audit records. If any return has not yet been filed, please provide copies of all W-2s, 1099s, K-1s and all other records of income and deductions. **If you do not have all or any of those returns or attachments, etc., please execute the attached form for us to obtain those records from the Internal Revenue Service.**

> **<u>RESPONSE:</u>**

> *Documents will be provided.*

Plaintiff has failed to produce any documents in response to this request.  Further, Plaintiff has failed to execute a proper release to allow Defendant to obtain Plaintiff's records responsive to this request from the Internal Revenue Service.  This request is relevant to the issues of this lawsuit and to Plaintiff's alleged damages.  The records responsive to this request will show Plaintiff's history of employment, rate of pay, and earning capacity for the past four years. Plaintiff's prior earnings may provide evidence regarding any potential claim of future lost wages and/or other future economic damages.  Furthermore, as asserted in Defendant's affirmative defenses, any amount which Plaintiff claims is due for lost wages/benefits must be mitigated and reduced by the amount of wages/benefits Plaintiff has earned or, through the exercise of reasonable

diligence, could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Accordingly, Plaintiff should be required to provide all relevant documentation or provide a properly executed release so Defendant can obtain the requested records from the Internal Revenue Service.

> 3.     All records of efforts to seek other or supplemental employment from August 26, 2016 through the present date. **If you do not have any or all of these records, please execute the attached form for us to obtain these records.**

**<u>RESPONSE:</u>**

*None.*

Plaintiff's response of "None" appears to indicate that Plaintiff does not possess any documents responsive to Request No. 3. However, Rule 34 of the Federal Rules of Civil Procedure allows a party to request the production of documents which are in the party's possession, custody, or control. Fed. R. Civ. P. 34(A)(1). A mere lack of possession does not relieve a party of its burden of production when that party has the legal right to obtain the documents requested. <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984). Accordingly, Plaintiff is required to not only produce the documents that are in Plaintiff's custody, Plaintiff is also required to produce any documents which Plaintiff has the legal right to obtain upon demand. Plaintiff's Answers to Interrogatories appear to indicate that Plaintiff has obtained other employment, at least in some capacity, following his separation from employment with Defendant on August 26, 2016. Accordingly, it is inexplicable that Plaintiff would not possess and/or be able to readily obtain documents responsive to this request. Plaintiff has provided no reasoning as to why he would not be able to obtain these records and has failed to demonstrate any effort to do so.

Moreover, this request is relevant to the issues of this lawsuit and to Plaintiff's alleged damages. As asserted in Defendant's affirmative defenses, any amount which Plaintiff claims is

due for lost wages/benefits must be mitigated and reduced by the amount of wages/benefits Plaintiff has earned or, through the exercise of reasonable diligence, could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Accordingly, Defendant asks this Court to order Plaintiff to provide all documents responsive to this request that are reasonably obtainable and/or order Plaintiff to provide a properly executed release so Defendant can obtain the requested records from any potential employer identified by Plaintiff.

       4.     All records of any job offers received and/or accepted from August 26, 2016 to the present.

**RESPONSE**

*None.*

Plaintiff's response of "None" is clearly unresponsive and appears to indicate that Plaintiff does not possess any documents responsive to Request No. 4. However, Rule 34 of the Federal Rules of Civil Procedure allows a party to request the production of documents which are in the party's possession, custody, or control. Fed. R. Civ. P. 34(A)(1). A mere lack of possession does not relieve a party of its burden of production when that party has the legal right to obtain the documents requested. Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). Accordingly, Plaintiff is required to not only produce the documents that are in Plaintiff's custody, Plaintiff is also required to produce any documents which Plaintiff has the legal right to obtain upon demand. This request is relevant to the issues of this lawsuit and to Plaintiff's alleged damages. As asserted in Defendant's affirmative defenses, any amount which Plaintiff claims is due for lost wages/benefits must be mitigated and reduced by the amount of wages/benefits Plaintiff has earned or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Defendant's document request falls within the permissible scope of discovery. Accordingly, Plaintiff should be required to provide all documents

14

evidencing any job offers received by Plaintiff. Such information is relevant to the extent Plaintiff intends to seek redress for the damages alleged as part of this lawsuit.

> 5.      All records of income and monies earned or received from any source whatsoever from August 26, 2016 through the present date.

**<u>RESPONSE:</u>**

*None at this time.*

Plaintiff's response of "None at this time" is clearly insufficient despite the obvious relevance and materiality of Request No. 5.   Moreover, Plaintiff has failed to produce any documents whatsoever in response to this request in the approximately four month time frame since this request was initially served on Plaintiff.   Given that Plaintiff has been employed during this time, he should have pay records or W2s for 2016.   If Plaintiff does not have these records, he should obtain them from his employers.   Plaintiff could obtain copies of these documents from the places he has worked since August 2016.   A mere lack of possession does not relieve a party of its burden of production when that party has the legal right to obtain the documents requested.   <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984).   Accordingly, Plaintiff is required to not only produce the documents that are in Plaintiff's custody, but is also required to produce any documents which Plaintiff has the legal right to obtain upon demand.   Assuming that Plaintiff does not possess any documents responsive to this request, Plaintiff has provided no reasoning as to why he would not be able to obtain and produce any such records and has failed to demonstrate any effort to do so.

This request is relevant to the issues of this lawsuit and to Plaintiff's alleged damages.   As asserted in Defendant's affirmative defenses, any amount which Plaintiff claims is due for lost wages/benefits must be mitigated and reduced by the amount of wages/benefits Plaintiff has earned

or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Defendant's document request falls within the permissible scope of discovery. Accordingly, Plaintiff should be required to provide all records of any income earned since August 26, 2016. Such information is relevant to the extent Plaintiff intends to seek redress for the damages alleged as part of this lawsuit.

> 10.     All documents and/or tangible items received by you from and/or filed with the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or any state or local deferral agency concerning your charge of discrimination against Defendant

**RESPONSE:**

*Documents will be produced.*

Despite Plaintiff's response that documents will be produced, Plaintiff has failed to produce any documents in response to this request. This request is relevant to the factual allegations upon which Plaintiff bases the instant lawsuit. Defendant is entitled to copies of all documents and records received by Plaintiff from and submitted by Plaintiff to the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations regarding Plaintiff's instant claims against Defendant as such records are directly relevant to the claims raised by Plaintiff's in Plaintiff's Complaint. Defendant requires access to these records so that it may conduct an independent investigation of Plaintiff's allegations, review Plaintiff's previous statements regarding this case, and determine any potential evidence that Plaintiff may rely on at trial. Furthermore, Plaintiff has not objected to this request as these records are clearly relevant. However, Plaintiff has not produced any such documents responsive to this request as of the filing of this Motion. Accordingly, Defendant asks this Court to order Plaintiff to produce any

documents or records responsive to this request that are currently in Plaintiff's possession and/or are readily obtainable by Plaintiff, and to otherwise respond to Request No. 10 in its entirety.

> 11.     All documents or tangible items received by you from and/or filed with the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or any state or local deferral agency, concerning any charges, past or present, of discrimination, harassment or retaliation you have filed against any employer other than Defendant

**RESPONSE:**

*Documents will be produced.*

Despite Plaintiff's response that documents will be produced, Plaintiff has failed to produce any documents in response to this request.  This request is relevant to the factual allegations upon which Plaintiff bases the instant lawsuit.  Defendant is entitled to copies of all documents and records received by Plaintiff from and submitted by Plaintiff to the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations regarding any past charges of discrimination, harassment or retaliation that Plaintiff may have filed against any employer other than Defendant as such records would provide evidence of Plaintiff's credibility and history of similar allegations against employers other than Defendant.  Defendant requires access to these records so that it may conduct an independent investigation of Plaintiff's allegations and determine any potential evidence that Defendant may utilize at trial.  Furthermore, Plaintiff has not objected to this request as these records are clearly relevant.  Accordingly, Defendant asks this Court to order Plaintiff to produce any documents or records responsive to this request that are currently in Plaintiff's possession and/or are readily obtainable by Plaintiff, and to otherwise respond to Request No. 11 in its entirety.

> 13.     All medical records of medical evaluations or examinations, records or documents reflecting psychological or psychiatric treatment or any form of mental health counseling, mental health

care or medical, physical, or mental health treatment, therapy or counseling which you contend is in any way related to any physical injuries or mental and emotional distress that you claim you have suffered as a result of the allegations in your Complaint. **If you do not have any or all of these records, please execute the attached form for us to obtain these records.**

**RESPONSE:**

*This request seeks privileged information*

Plaintiff's response is improper and misguided as this request does not seek the production of any privileged documents or records. Plaintiff has put his medical and psychological condition at issue in this lawsuit. Plaintiff's medical records are relevant to both the issue of causation and to determining the extent of Plaintiff's emotional damages. Cameron v. Supermedia, LLC, 2016 WL 1572952, at *4 (N.D. Fla. Apr. 19, 2016). Plaintiff's Complaint seeks damages in the form of economic losses and non-economic losses, including "extreme emotional distress and mental anguish, impairment of quality of life, and consequential loses[.]" Therefore, Plaintiff's medical records will be necessary for Defendant to determine the existence of and/or extent of any alleged emotional damages suffered by Plaintiff and whether there is any causal relation with Defendant. Accordingly, Plaintiff should be required to produce all records from all doctors, physicians, counselors, advisors or any other persons consulted by Plaintiff for any condition which Plaintiff believes resulted from the alleged acts in the instant lawsuit. If Plaintiff does not have all the records, he should be required to execute a release for each health care professional's records so that Defendant can obtain those records through subpoena.

14.     All medical records of medical evaluations or examinations, records or documents reflecting psychological or psychiatric treatment or any form of mental health counseling, mental health care or medical, physical, or mental health treatment within the past ten (10) years. **If you do not have all or any of these records, please execute the attached release form for us to obtain those records.**

**RESPONSE:**

*This request seeks privileged information.*

Plaintiff's medical history is relevant to the instant lawsuit and falls within the scope of permissible discovery.  Plaintiff has waived any privilege associated with his medical records by putting his mental condition at issue in this lawsuit.  Further, Plaintiff's Complaint seeks damages in the form of economic losses and non-economic losses, including "extreme emotional distress and mental anguish, impairment of quality of life, and consequential loses[.]"  Plaintiff's medical records are relevant to both the issue of causation and to determining the extent of Plaintiff's emotional damages. Cameron v. Supermedia, LLC, 2016 WL 1572952, at *4 (N.D. Fla. Apr. 19, 2016).  Plaintiff's past medical records may provide evidence as to preexisting conditions, other stressors in the Plaintiff's life, other times the Plaintiff has suffered from stress related symptoms, and/or what the Plaintiff has told his doctors regarding his employment with Defendant as a cause of emotional distress.  See id.  Therefore, Defendant requests this Court to order Plaintiff to provide the records from every healthcare provider in which Plaintiff has sought treatment within the past ten years.  If Plaintiff does not have all of the requested documents, he should be required to execute a HIPAA release for each health care professional so that Defendant can obtain these records through subpoena.

## ATTORNEYS' FEES AND COSTS

Counsel for Defendant attempted in good faith to obtain these discovery responses without the need for court intervention.  However, to date, Plaintiff has failed to supplement any of his discovery responses and has failed to produce any documents responsive to Defendant's Request for Production.  Plaintiff's failure to provide complete discovery responses and failure to produce responsive documents has prejudiced Defendant and caused Defendant to incur unnecessary

litigation costs in this matter.  Plaintiff's failure to provide Defendant with complete discovery responses and all responsive documents, despite Defendant's good faith efforts to obtain these documents, is not substantially justifiable.  Therefore, Plaintiff should be ordered to pay Defendant's reasonable expenses, including attorneys' fees, incurred as a result of Defendant's efforts associated with the preparation and filing of this motion.  See Fed. R. Civ. P. 37(a)(5).

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), the undersigned conferred with opposing counsel via telephone conference on May 1, 2017, May 19, 2017, and again on May 22, 2017, in a good faith effort to resolve the issues raised in the instant Motion.  During the parties' initial telephone conference on or about May 1, 2017, Plaintiff's Counsel advised that she would address the discovery issues raised by Defendant with Plaintiff.  Inexplicably however, as of the filing of this Motion, Plaintiff has failed or refused to produce any additional or supplemental discovery responses and has failed to produce any documents responsive to Defendant's Request for Production since the requests were originally served on February 10, 2017.  Counsel for Plaintiff advised during the parties' May 22, 2017, telephone conference that Plaintiff was opposed to Defendant's Motion to Compel.  Accordingly, counsel do not agree on the resolution of this Motion.

WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court enter an Order requiring Plaintiff to serve complete responses to Defendant's Interrogatories and Request for Production, and all documents responsive thereto within ten days of this Court's Order. Further, Defendant respectfully requests that the Court order Plaintiff to pay Defendant's attorneys' fees and costs associated with the preparation and filing of this Motion.

/s/ Sean A. Douthard
Angelique Groza Lyons, Esq., Fla. Bar No. 118801

20

alyons@constangy.com
Sean A. Douthard, Esq., Fla. Bar No. 102589
sdouthard@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of June, 2017, a copy of the foregoing document has been filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ricardo R. Corona, Esq.
Allyson Morgado, Esq.
CORONA LAW FIRM, P.A.
3899 NW 7th St., 2nd Floor
Miami, FL  33126
rcorona@coronapa.com
amorgado@coronapa.com
Attorney for Plaintiff

/s/ Sean A. Douthard
Attorney

4611607v.1