UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEXIS SOTO FERNANDEZ, | GENERAL JURISDICTION DIVISION |
| Plaintiff | CASE NO.: 2:16-cv-00841 |
| vs. | |
| TREES, INC. d/b/a TREES ACQUISITION, INC., | |
| Defendant. _____/ | |

**PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ALEXIS SOTO FERNANDEZ (hereinafter "Plaintiff"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 36 and 37 and Middle District of Florida Local Rules 3.04, hereby moves to compel the Defendant, TREES, INC. (hereinafter "Defendant") to properly respond to its Requests to Produce and Interrogatories to Defendant, deeming any objections waived. Additionally, given the Defendant's complete failure to respond to discovery in this case, Plaintiff requests that this Court order appropriate sanctions, including an award of Plaintiff's fees and costs associated with the instant Motion.

Specifically, Plaintiff brings this Motion because Defendant have **(i)** completely failed to respond to Plaintiff's Requests to Produce; and **(ii)** completely failed to respond to the Plaintiff's Interrogatories; The following relevant documents are attached hereto and incorporated by reference herein:

• Plaintiff's Requests to Produce, attached as composite ***Exhibit A*** (hereinafter, "Ex. A");

• Plaintiff's First Sets of Interrogatories, attached as composite *Exhibit B* (hereinafter, "Ex. B"); and

• Emails between undersigned and opposing counsel, attached as composite *Exhibit C* (hereinafter, "Ex. C").

Plaintiff respectfully requests that this Court enter an Order compelling the Defendant to respond to its discovery; deeming all objections to Plaintiff's Requests to Produce and Interrogatories to be waived; deeming the Plaintiff's Requests for Admissions to be admitted; and awarding appropriate sanctions under Federal Rule of Civil Procedure 37(d), including the reasonable costs and fees incurred in filing this motion, for the reasons explained more fully herein.

## I. *INTRODUCTION AND BACKGROUND*

1. This matter arises out of a Complaint for Discrimination filed by the Plaintiff in the United States District Court for the Middle District of Florida.

2. Thereafter, pursuant to the Court's direction, the parties submitted a Case Management Report. (Doc. 20). On February 14, 2017, the Court entered the Case Management and Scheduling Order, which set forth agreed-upon deadlines for discovery (the "Scheduling Order"). (Doc. 22). This Scheduling Order stated that Discovery Deadline would be December 7, 2017.

3. Plaintiff served a Request to Produce, Set of Interrogatories, and Request for Admissions on each of the three Defendant on October 23, 2017. *See* Exhibits A, B, C.

4. On May 22, 2017 Plaintiff requested dates for the depositions of three employees and the Corporate Representative due to the Parties' inability to agree on settlement. Defendant would not respond or provide a corporate representative.

5. On June 14, 2017, Defendant requested Plaintiff's deposition to occur at the end of August, 2017 (Defendant at that time had still not responded to Plaintiff's attempts to coordinate depositions).

6. Thereafter, the Plaintiff re-attempted to coordinate the depositions of the corporate representative, but the Defendant again did not respond to the requests until several emails following up regarding same.

7. After several attempts to coordinate the deposition and after being advised the depositions would need to occur in Tampa or Plant City, the parties finally agreed to a date for the deposition of December 1, 2017.

8. On November 20, 2017, the Defendant sought an extension through Wednesday, November 29, 2017[1]. In response, the undersigned advised the Defendant's counsel, that the Plaintiff does not object to the extension, so long as the documents which the Defendant's counsel already has in their possession are provided by Wednesday November 22, 2017.[2]

9. The undersigned normally does not object to any such extension; however, the undersigned has attempted several times to extend the cutoff for the depositions for a short while, yet the Defendant does not agree to extend the deadline, yet wishes to be given an extension for documents which they already have in their possession.

10. At no time did the Defendant serve a response to the Plaintiff's Requests to Produce or First Sets of Interrogatories, move for a protective order, or file a motion for enlargement of time to respond.

---

[1] The Defendant's basis for the extension was "due to the Thanksgiving Holiday", however the responses were due prior to the "Thanksgiving Holiday".
[2] The Defendant's counsel had extensive documents which were not produced at the deposition of the Plaintiff and which the Defendant still has not produced to the Plaintiff through the filing of this motion.

11. Interestingly, Defendant did not have any issue seeking judicial intervention when there was a misunderstanding and an attempt to amicably settle this matter, by the attorney within the firm whom was previously handling this matter.

11. To date, Defendant has not provided any response to the Plaintiff's initial discovery requests, thus necessitating this filing of this Motion.

## II. DEFENDANT SHOULD BE COMPELLED TO RESPOND TO PLAINTIFF'S REQUESTS TO PRODUCE AND FIRST SETS OF INTERROGATORIES

12. Defendant has failed to respond to the Plaintiff's Requests to Produce and First Sets of Interrogatories. To date, Defendant has failed to produce any document, other than a two page document provided for the first time on November 22, 2017. Plaintiff is prejudiced by Defendant's failure to cooperate in the discovery process, as this conduct leaves Plaintiff unable to continue to develop the evidence in its case. Thus, Defendant should be compelled to respond to Plaintiff's Request to Produce and to provide verified Answers to Plaintiff's Interrogatories.

## III. ALL OBJECTIONS TO PLAINTIFF'S DISCOVERY SHOULD BE DEEMED WAIVED BY DEFENDANT

13. By failing to file timely objections to the discovery requests, a party waives its objections. *See Maus v. Ennis*, 513 F. App'x 872, 876 (11th Cir. 2013).

14. Under Rule 33(b), "Objections to interrogatories must be timely and specific or else the objection is waived." *LM Ins. Corp. v. Hanneford Circus, Inc.*, No. 614CV382ORL37TBS, 2014 WL 12616980, at *1 (M.D. Fla. Dec. 2, 2014).

15. Rule 34(a) authorizes parties to request the production of documents and other things within the scope of Rule 26(b). A party upon whom a request for production is served must respond in writing within 30 days. Fed. R. Civ. P. 34(b)(2)(A).

16. "When a party fails to object to a request for production the objection is deemed waived." *LM Ins. Corp. v. Hanneford Circus, Inc.*, No. 614CV382ORL37TBS, 2014 WL 12616980, at *1 (M.D. Fla. Dec. 2, 2014). "A party who fails to file timely objections waives all objections, including those based on privilege or work product." *Third Party Verification, Inc. v. SiqnatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *2 (M.D. Fla. May 2, 2007).

17. Particularly instructive in this matter is *Henry v. Nat'l Hous. P'ship*, No. 106CV008-SPM/AK, 2007 WL 2746725, *1 (N.D. Fla. Sept. 18, 2007). In *Henry*, the Defendant failed to respond to plaintiff's request to produce, and then responded to plaintiff's motion to compel with the argument "that their untimeliness should not operate as a waiver [of objections]." However, as the Northern District noted, "The law is well settled otherwise." *Id.* The court held that "Defendant's failure to file timely objections ... constitutes a waiver of the objections...This includes any objection based on privilege." *Id.*

18. In the instant matter, Defendant has not timely filed any objections to the Plaintiff's discovery. Thus, Defendant should be deemed to have waived all objections to the same.

**IV.** *SANCTIONS SHOULD BE AWARDED AGAINST THE DEFENDANT*

19. Rule 37(D) provides that sanctions may be entered against a party for failure to respond to discovery, including requiring that party to pay the reasonable expenses, including attorneys' fees, caused by that party's failure to respond. Fed. R. Civ. P. 37(d).

20. It is well within this Court's discretion to award reasonable costs and fees pursuant to Rule 37(d). *See, e.g., LaFavors v. Solorzano*, No. 4:12CV30-RH/CAS, 2014 WL 6473590, (N.D. Fla. Nov. 17, 2014) (costs and fees, including cost of motion for sanctions, imposed against party after non-cooperation in discovery process).

23. Defendant's conduct is not excused on the basis that it sent an email requesting an extension, which was not agreed to by the Plaintiff, specifically since the Defendant refuses to agree to an extension of the discovery deadline. Defendant has no acceptable excuse for their dilatory conduct as they did not move for a protective order or an enlargement of time through this Honorable Court after the undersigned advised of the objection to the extension. Thus, in accordance with Rule 37(d), Defendant should be required to pay the reasonable expenses incurred by this motion, including costs and attorneys' fees, and this Court should grant such further relief as it finds appropriate under the circumstances.

## V.  CONCLUSION

24. While the Defendant has been quick to seek judicial intervention, even while the parties were attempting to resolve the matter, they have not provided timely responses to the discovery and at the same time refuse to agree to an extension of discovery deadline.  Defendant has neither responded to nor filed timely objections to the Plaintiff's Requests to Produce or First Sets of Interrogatories. Plaintiff is prejudiced by Defendant's failure to participate in the discovery process. Given their dilatory conduct, Defendant should be ordered to respond to the Plaintiff's discovery requests by Wednesday, November 29, 2017, with any and all objections waived. Additionally, Plaintiff should be awarded appropriate sanctions, including the fees and costs associated with this Motion pursuant to Rule 37(d).

WHEREFORE, for the reasons stated above, the Plaintiff requests that this Court enter an Order compelling the Defendant to respond to its Requests to Produce and First Sets of Interrogatories; deeming any and all objections to the Plaintiff's Requests to Produce and First Sets of Interrogatories to be waived; awarding the fees and costs associated with this Motion; and awarding any other relief that the Court deems just and equitable under the circumstances.

**Local Rule 3.01 & Federal Rule 37(d)(1)(B) Certificate of Compliance**

The undersigned hereby certifies that he has conferred with opposing counsel regarding the relief sought in this Motion in a good faith attempt to resolve the issues raised herein without the need for Court action, but the parties were unable to agree, and Plaintiff was unable to obtain the discovery requested without Court action.

                                                CORONA LAW FIRM, P.A.
                                                3899 NW 7th Street, 2nd Floor
                                                Miami, FL  33126
                                                Telephone: (305) 266-1150
                                                Facsimile: (305)266-1151
                                                Email: Ricky@coronapa.com
                                                Secondary Email: labor@coronapa.com

                                              By:   **/s/ Ricardo Corona**
                                                  RICARDO R. CORONA
                                                  Florida Bar No: 111333

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 25, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record.

                                               **/s/ Ricardo Corona**
                                              Ricardo Corona