UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**ALEXIS SOTO FERNANDEZ,**

    **Plaintiff,**

v.                                      Case No.  2:16-cv-841-FtM-38MRM

**TREES, INC. d/b/a TREES ACQUISITION, INC.,**

    **Defendant.**

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO CONTINUE TRIAL DUE TO THE COVID-19
PANDEMIC AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant Trees, Inc. d/b/a Trees Acquisition, Inc. (hereinafter "Defendant"), through its undersigned attorneys, hereby files its Response in Opposition to Plaintiff's Motion to Continue Trial Due to the Covid-19 Pandemic and Request for Expedited Consideration [DE 113], and in support thereof states as follows:

Middle District of Florida Local Rule 3.09 provides that a trial may be continued for good cause.  Typically, good cause precludes changing dates established by the court unless the schedule cannot be met despite the diligence of the party seeking the continuance.  See *Great Lakes Reinsurance v. Unplugged*, 2019 WL 7423526, at *3 (M.D. Fla. May 20, 2019) quoting *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  The decision to continue a trial is within the sound discretion of the trial court.  See *Rance v. Rocksolid Granit USA, Inc.*, 489 F.App'x 314 (11th Cir. 2012).

In this case, the court has taken all necessary precautions to protect all participants. Further, a continuance will result in prejudice to Defendant and waste of the Court's resources.  Plaintiff

7089893v.1

has not established good cause for a continuance as the parties and counsel are ready for trial. Finally, Plaintiff has failed to comply with Local Rule 3.09(d).

**A.      The Court has Implemented Extensive Safety Procedures.**

On October 21, 2020, this honorable Court entered a Trial Scheduling Order setting this case for a jury trial beginning on Tuesday, December 1, 2020. [DE 104] Plaintiff did not object to this date, or otherwise indicate that either he or his counsel were concerned about moving forward with a trial due to COVID.

Months prior, on June 3, 2020, the Court issued an Order implementing significant COVID procedures for the United States Courthouse and Federal Building in Fort Myers, Florida ("Fort Myers Federal Courthouse"). *See In Re: Court Operations During Covid-19 Pandemic*, Case No: 2:20-mc-8-38FtM, Docket No. 1. Specifically, the Order requires that:

> every person over the age of two seeking to enter the Fort Myers Federal Courthouse, including the building's tenants, must wear a mask or other face covering that covers the person's nose and mouth while in any public area of the courthouse (e.g., all public elevators, hallways, and bathrooms), unless otherwise directed by a law enforcement officer, guard, or Court official.

*Id.* at 1.

Additionally, the June 3, 2020 Order "incorporates by reference Chief Judge Steven D. Merryday's [March 13, 2020] Order, Case No. 8:20-mc-20-T-23, which restricts visitors into the Middle District of Florida's courthouses to protect public health and safety during the COVID-19 pandemic." *Id.*

On July 9, 2020, Chief Judge Merryday revoked his March 13, 2020 Order, and replaced it with a new order restricting specific visitors from entering the courthouse. *See In Re: Restrictions on Visitors to the United States Courthouse in the Middle District of Florida*, Case No: 8:20-mc-20-T-23, Docket No. 3.

On September 14, 2020, Judge Merryday supplemented his July 9, 2020 Order to "further protect health and safety in the courthouse." *Id.* at Docket No. 4. Specifically, Judge Merryday implemented the following health and safety procedures:

a. face coverings required for all persons in any public area of the courthouse;

b. no-contact temperature checks required upon entering the courthouse;

c. hand sanitizer "available throughout the courthouse, including in each courtroom";

d. no more than four people allowed on an elevator at one time;

e. thorough sanitizing and cleaning of each courtroom and jury space before each hearing and/or trial;

f. regular cleaning and sanitizing of the first-floor atrium and security entrance area;

g. accommodations for vulnerable persons;

h. suspension of all public gatherings; and

i. social distancing, including posted spacing signs throughout the courthouse and ensuring "[e]ach meeting room and courtroom will offer ample space to comply with the CDC's six-foot spacing guideline."

In addition to these procedures, the courtroom in which this trial will be held has been specifically refitted to provide maximum protection through the use of social distancing, Plexiglas partitions and headsets.

Accordingly, it is clear that the Middle District of Florida and this honorable Court have fully considered the COVID-19 pandemic and implemented the above-referenced processes and procedures for cases, such as this one, proceeding to trial.

These numerous safety procedures will be in effect and offer sufficient protection for counsel and the parties. In fact, during the Final Pretrial Conference on November 12, 2020, the Court detailed the procedures to be used during the trial to reduce any risks associated with COVID, including limits on the number of individuals in the courtroom, use of masks and face-shields, and sanitizing procedures. Included in these safety protocols are specific steps to protect counsel including the ability to socially distance while at counsel table, separate podiums for each party's counsel, and the option to wear a mask even while addressing the jury or witness. Further, the Court explained that the microphones to be used by the parties and the interpreter are strong enough to allow for the wearing of masks at all times, if preferred.

The Court even asked counsel their opinion on allowing jurors to leave the courthouse during lunch or whether counsel preferred the jurors be restricted to avoid potential exposure. Counsel for both parties indicated that they had no objection to allowing the jurors to leave the courthouse during lunch. In fact, counsel for Plaintiff did not raise any concerns about COVID or the safety of the participants during the Conference.

Further, a read of Plaintiff's motion would lead one to believe that this trial would require the individuals involved to experience prolonged exposure to one another. On the contrary, this trial is expected to last only three to four days, as indicated in the parties' jointly filed Case Management Report [DE 20] and the various Case Management Scheduling Orders [DE 85, 66, 47, 29, 22]. Therefore, any potential exposure will be significantly limited, as any testimony will not span more than a few hours, and as required by the Court's June 3, 2020 Order, **everyone in the courtroom – including counsel, witnesses, jury members, and court staff – will be required to wear a mask when moving around the courtroom, and counsel and the parties**

**will have the option of wearing a mask at all times**. *In Re: Court Operations During Covid-19 Pandemic*, Case No: 2:20-mc-8-38FtM, at 1.

Plaintiff's counsel also indicates that social distancing procedures will not always be able to be adhered to, however, there has been no indication whatsoever that social distancing during the trial will be an issue. Certainly social distancing has become the "new normal" in our society and all individuals and business have had to make adjustments. Although such measures may require some flexibility from all parties, social distancing and other preventive measures have been incorporated into every aspect of our reality, and the court has followed suit, as indicated in Judge Merryday's September 14, 2020 Order, *In Re: Restrictions on Visitors to the United States Courthouse in the Middle District of Florida*, Case No: 8:20-mc-20-T-23, Docket No. 4, and the Court's review of the safety protocols during the Final Pretrial Conference. To the extent counsel for Plaintiff is concerned about not being able to social distance at counsel table, counsel, Plaintiff and the interpreter can all wear masks when social distancing at counsel table is not possible[1].

In addition, Plaintiff's counsel attempts to bolster his argument that this trial should be continued by relying on an order entered in the Southern District of Florida postponing all jury trials. However, the Southern District's decision to postpone jury trials has no effect on the Middle District's trial proceedings. The Southern District has a much higher positivity rate, and has not yet opened its courthouses.

This Court has taken a different approach than the Southern District and instead has issued guidance and refitted courtrooms to allow in-person attendance to proceed in a safe manner. Notably, while the Middle District has had approximately one month to enter an order akin to the Southern District's October 20, 2020 order, it has chosen not to follow suit. This Court has

---

[1] In his Motion, Plaintiff inexplicably states that counsel will not be able to wear a mask while speaking, which is simply untrue. Likewise, witnesses who wish to do so may wear a face shield, thereby negating this concern.

5

7089893v.1

expressly chosen to move forward with trials using the plethora of safety protocols which have been implemented, and there is no reason we cannot do so in this case.

Further, although Plaintiff's counsel emphasizes that this is only a case for monetary relief, the Court's various COVID Orders make no distinction between criminal and civil cases or denote the significance of one over the other.

**B.      A Continuance with result in Prejudice to Defendant and Waste of Court Resources.**

The prejudice to Defendant caused by a last-minute delay of this trial will be significant. Specifically, counsel for the Defendant has already orchestrated schedules for out-of-state witnesses to travel to Fort Myers during the first week of December to appear at trial and provide instrumental testimony for this case.

Counsel and the parties have already re-arranged schedules to be in Fort Myers during the week of December 1 for this trial, requiring other obligations and deadlines to be postponed. Continuing the trial at this juncture of the case requires the witnesses to make new travel arrangements to come to the Fort Myers Federal Courthouse. There is also no guarantee that these witnesses will be available to appear on a later date. It is unfair for Defendant's witnesses to be penalized and further inconvenienced by changing the date of trial at the midnight hour, especially after this Court set trial for a date certain nearly a month ago. Requiring Defendant to reschedule all of its witnesses, and re-prepare the case for trial will cause Defendant to extend significant time and resources.

Furthermore, the Court has already held the final pretrial conference and extended judicial resources to try this case in one week. At this late date, the Court will be unable to set another case for trial, thereby causing further backlog and delay to the Court. When the case is finally set

6

for trial, it will be necessary for the parties to attend another final pretrial conference, thereby extending additional resources and Court time.

### C. The Parties are Ready for Trial.

Plaintiff concedes in his motion that he "and his counsel are ready willing and able to proceed with trial." [DE 113 at ¶ 17]  Defendant is also "ready willing and able" to proceed to trial, and thus, there is no compelling reason for the Court to postpone this trial.  A delay of several months will require the parties to spend additional time and resources re-preparing for this trial. Such duplication of effort and waste of resources is unnecessary, will further backlog the Court, and will be prejudicial to Defendant.  As all of the parties and the Court are ready and prepared to proceed with trial in one week, there is not good cause for a continuance.

### D. Plaintiff Failed to Comply with Local Rule 3.09(d).

Local Rule 3.09 requires the party moving for a continuance of trial to certify to the Court that the moving party has been informed of the motion and consented to it.  See *Williamson v. Digital Risk*, 2019 WL 1921906 (M.D. Fla. April 30, 2019).  The motion filed by Plaintiff does not indicate that Plaintiff has been informed of the motion or that Plaintiff has consented to it. Plaintiff's failure to comply with Local Rule 3.09(d) requires denial of the instant motion.

Accordingly, being that this Court has implemented significant COVID safety procedures to ensure the safety of everyone involved in trial, all parties are ready and willing to proceed to trial, a continuance will result in prejudice to Defendant and waste of Court resources, and Plaintiff failed to comply with the local rules, Plaintiff's motion for a continuance should be denied.

WHEREFORE, for the reasons stated above, the undersigned requests that this Court proceed with trial on December 1, 2020 as scheduled, and deny Plaintiff's Motion to Continue Trial Due to the Covid-19 Pandemic and Request for Expedited Consideration.

7089893v.1

/s/ *Angelique Groza Lyons*
Angelique Groza Lyons, Esq., FBN 118801
alyons@constangy.com
Jordan E. Koziol, Esq., FBN 1018610
jkoziol@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF System, which will send an electronic notice of filing to the following:

Ricardo R. Corona, Esq.
CORONA LAW FIRM, P.A.
3899 NW 7th St., 2nd Floor
Miami, FL  33126
rcorona@coronapa.com
Attorney for Plaintiff

/s/ *Angelique Groza Lyons*
Attorney for Defendant

8

7089893v.1