UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXIS SOTO FERNANDEZ,

    Plaintiff,

v.                                       Case No.: 2:16-cv-841-FtM-38MRM

TREES, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Trees, Inc.'s Motion in Limine (Doc. 106) and Plaintiff Alexis Soto Fernandez's response (Doc. 108). Trees seeks to exclude testimony of statements allegedly made by supervisor Adam Soto ("Adam") after Fernandez's termination. The Court grants the motion.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." *Acevedo v. NCL (Bah.) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

evidence is clearly inadmissible for any purpose." *Id.* (internal quotation marks and citation omitted).

Fernandez alleges he was subject to a hostile work environment because of his national origin (Cuban). To establish a hostile work environment claim, a plaintiff must show: (1) he belongs to a protected group; (2) he suffered unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee, such as national origin; (4) the harassment was severe or pervasive enough to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of either direct liability or vicarious liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The fourth element of the hostile work environment test—whether the harassment was sufficiently severe or pervasive—contains both a subjective and objective component. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010). The employee must "subjectively perceive" the harassment as severe or pervasive enough to change the terms or conditions of employment and this perception must be objectively reasonable. *Id.*

Comments that occurred after Fernandez no longer worked for the company could not have affected his work experience at Trees. For the harassment at Trees to qualify as severe and pervasive, allegations of

2

harassment must have occurred during his tenure at Trees. Any comments made by Adam after Fernandez's firing are not relevant. Several Eleventh Circuit cases support this conclusion. *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995) (holding that incidents not known by plaintiff could not have contributed to hostile work environment); *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1250 (11th Cir. 2014) (affirming district court's limitation to work events of which the individual employees were aware); *McKitt v. Alabama Alcoholic Beverage Control Board*, 571 Fed. Appx. 867, 873-74 (11th Cir. 2014) (limiting evidence needed to show a hostile work environment claim to that of which the plaintiff was aware).

*Capasso v. Collier County* differs from this case. *Capasso* dealt with a retaliation claim. The undersigned allowed the admission of "me too" testimony from an employee who experienced retaliation after filing a similar claim but otherwise excluded other "me too" evidence. 2014 WL 12607856, at *4 (M.D. Fl. Nov. 26, 2014). The evidence was admitted so plaintiff could argue the nondiscriminatory reason for the adverse employment action proffered by the employer was a pretext for discrimination. This case does not affect the present situation.

Nor does *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261 (11th Cir. 2008) guide the Court's analysis. While that case discusses the relevance of "me too" evidence, it does not discuss whether the "me too" evidence came in after the

3

plaintiff left his job. *Id*. at 1286-87. The parties do not dispute that comments or complaints during Fernandez's employment are admissible. Thus, the Court does not find this case supports Fernandez's argument.

Accordingly, it is now

**ORDERED:**

Defendant Trees, Inc.'s Motion in Limine (Doc. 106) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 26, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record