UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXIS SOTO FERNANDEZ,

    Plaintiff,

v.                                                    Case No.: 2:16-cv-841-FtM-38MRM

TREES, INC.,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is the parties' request for a ruling on Plaintiff's entitlement to back pay. The parties noted this decision was outstanding in their Final Pretrial Statement, requested a ruling at their Final Pretrial Conference, and submitted briefing on the matter. (Docs. 111; 112). The Court concludes it is proper to reserve ruling on this matter until after the jury renders its verdict.

The parties seek a ruling on back pay in the abstract without offering evidence. They contend a decision is needed to clarify what evidence to present the jury. Yet both sides agree back pay is an equitable issue decided by the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Court, not the jury. (Docs. 111; 112). It is also undisputed the legal and equitable issues do not overlap, so any jury verdict related to back pay would be merely advisory. (Docs. 111; 112). And neither side requests an advisory jury verdict. Thus, back pay will not be presented to the jury, and the parties should not offer evidence on the issue at trial.

While the Court will decide this matter, it will not do so pretrial. Whether Plaintiff is entitled to back pay is premature because—depending on the outcome at trial—remedies may never come into play. If necessary after the jury renders its verdict on the hostile work environment claim, the Court will decide back pay. At that time, the Court will discuss with the parties whether further proceedings are needed and make any required findings. As for jury instructions, the parties and Court will resolve the language at the charge conference.

Accordingly, it is now

**ORDERED:**

The Court **RESERVES RULING** on back pay until after the jury renders its verdict.

**DONE** and **ORDERED** in Fort Myers, Florida on November 26, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record